IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

G.R.P MECHANICAL COMPANY, INC.,

**Plaintiff,**

vs.

KIENSTRA CONCRETE, INC.,
RCS CONSTRUCTION, INC., and
UNITED FIRE & CASUALTY COMPANY,

**Defendants.**                                                     No. 05-CV-00389-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court is defendant United Fire & Casualty Company's ("United") Motion to Sever Causes of Action Pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Doc. 24.) Plaintiff G.R.P. Mechanical Company, Inc. ("GRP") initially filed the underlying complaint in Illinois state court. United proceeded to remove this case to federal court on the basis of diversity jurisdiction, claiming that defendants Kienstra Concrete, Inc. ("Kienstra") and RCS Construction, Inc. ("RCS") were improperly joined as parties to this suit by Plaintiff as a means to defeat federal jurisdiction. Kienstra and RCS subsequently consented to the Removal. (Docs. 14 and 29.) Plaintiff filed a Motion to Remand the proceedings to state court. (Doc. 4.) In conjunction with filing its Opposition to Plaintiff's Motion to Remand, United filed its Motion to Sever. (Docs. 22 and 24.) Plaintiff thereafter filed its Opposition to

United's Motion to Sever. (Doc. 31.)

The Court **GRANTS** United's Motion to Sever and hereby severs Plaintiff's causes of action against United in this suit from Plaintiff's causes of action against both Kienstra and RCS, based upon a finding that Plaintiff's claims against Kienstra and RCS fail to meet the requirements of joinder under Rule 20 of the Federal Rules of Civil Procedure.

## II.  BACKGROUND

### A.  The DAF Unit

Plaintiff GRP is a Delaware corporation with its principal place of business in Bethalto, Illinois. (Doc. 2, ¶ 2.) Plaintiff was hired as general contractor by the Premcor Refinery Group, Inc. ("Premcor") sometime in late 2003 to early 2004, to construct a Dissolved Air Flotation unit (the "DAF" unit) at the Premcor facility in Hartford, Illinois. (*Id*. at ¶ 13.) Plaintiff contracted with defendant RCS to pour the concrete vessel of the DAF unit. (*Id*. at ¶ 15.) RCS is an Illinois corporation with its principal place of business in Roxana, Illinois. (Doc. 19, ¶ 4.) RCS allegedly contracted with defendant Kienstra, an Illinois corporation with its principal place of business in Wood River, Illinois, to supply the raw concrete for the job to RCS. Doc. 11, ¶¶ 3, 16.) During initial testing, the DAF unit leaked.[1] (Doc. 25, p. 2). As

---

[1] United claims the leaking was due to cracks in the concrete vessel. (Doc. 25, p. 2). Plaintiff alleges the DAF unit leaked because RCS failed to mix or pour the concrete properly and that Kienstra supplied defective concrete. (Doc. 2, ¶¶ 18, 19.) However, in its Answer to Plaintiff's Complaint, RCS contests any allegation of negligence in its handling of the concrete and Kienstra likewise contests that the concrete it supplied was defective in its Answer to Plaintiff's Complaint. (Docs. 28, 11.)

a result of the leakage, the DAF unit had to be reconstructed.  (*Id.*)  The DAF unit was finally accepted by Premcor around February, 2005.  (*Id.*)

**B.**     **The Policy and Denial Letter**

Defendant United is engaged in the business of underwriting property and casualty insurance policies and managing claims asserted against those policies.  (Doc. 10, ¶ 11.)  United is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.  (*Id.* at ¶ 5.)  United issued Plaintiff a general commercial liability policy (the "Policy"), to last from November 1, 2003 until November 1, 2004.  (*Id.*)

Due to the problems constructing the DAF unit, Plaintiff gave notice to United of its claim for damages under the Policy on December 30, 2004.  (Doc. 2, ¶ 24.)  Plaintiff alleges to have suffered substantial damages, including withheld payments from Premcor due to faulty work, damage to Plaintiff's property and damage to the DAF unit as a whole.  (*Id.* at ¶ 23.)  United issued a letter to Plaintiff, dated February 21, 2005, denying Plaintiff's claims (hereinafter the "denial letter").  (Doc. 11, ¶ 25 and Doc. 2, Ex. B.)  The denial letter set forth several various reasons for denying Plaintiff's claims under the Policy.  (Doc. 2, Ex. B.)

United proceeded to file a complaint for declaratory judgment against GRP in the Southern District of Illinois on March 10, 2005, seeking a declaration stating that United does not owe a duty to defend nor indemnify GRP due to lack of coverage under the Policy for the repair and replacement of the DAF unit.  (Doc. 25,

p. 2.)  The next day, GRP filed the underlying Complaint in this matter with the circuit court of Madison County, Illinois, against United, Kienstra and RCS.  (*Id.*, *see also* Doc. 2.)  On June 2, 2005, United removed the case to the Southern District of Illinois.  (Doc. 25, p. 3, *see also* Doc. 1.)  United's declaratory judgment action is still pending.[2]

### C.        Plaintiff GRP's Underlying Complaint

Count I of the complaint alleges that RCS, a subcontractor, breached its contract with GRP to pour the concrete vessel of the DAF unit by, among other things, failing to pour the concrete vessel properly and in a good and workman like manner. (*Id. at* ¶¶ 41-46.)  Count II alleges negligence against RCS. (*Id.* at ¶¶ 47-50.)  Count III alleges products liability against Kienstra, a subcontractor of RCS, in that the raw concrete it manufactured and supplied for the job was unreasonably dangerous. (*Id.* at ¶¶ 47-50.)  Count IV alleges negligence against Kienstra. (*Id.* at ¶¶ 55-58.)

The remaining counts of the complaint are directed at United, for its denial of insurance coverage regarding GRP's claim under the Policy.  Count V alleges breach of contract (*Id.* at ¶¶ 59-64); Count VI alleges vexatious refusal to pay under **215 ILCS 5/155** (*Id.* at ¶¶ 65-67); Count VII (mistakenly labeled Count VI) alleges violation of the Illinois Consumer Fraud Act, **215 ILCS 5/155** (*Id.* at ¶¶ 68-73); and Count VIII (mistakenly labeled Count VII) alleges fraud (*Id.* at ¶¶ 74-79).

---

[2]*See* **United Fire & Casualty Co. V. GRP Mechanical Co., Inc.**, **Case No. 05-cv-00175-MJR (S.D. Ill. 2005).**

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

United removed the case to this Court based on the federal diversity statute, **28 U.S.C. § 1332**. That statute requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Here, it is undisputed that the amount in controversy is met. The problem for defendant United is that Plaintiff and defendants Kienstra and RCS are all considered citizens of Illinois[3] therefore, unless the citizenship of both corporate defendants Kienstra and RCS is disregarded there is no federal subject matter jurisdiction.

In this case, as United argues, the question of whether the Court has diversity jurisdiction over the Plaintiff's claims turns on whether defendants Kienstra and RCS were fraudulently misjoined as defendants. A court may sever any misjoined party or claim under **FEDERAL RULE OF CIVIL PROCEDURE 21** at any stage of a lawsuit. ***See Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000)**. However, before considering United's Motion to Sever Plaintiff's claims against

---

[3]Although Plaintiff is a Delaware corporation, because it is a corporation, it is also considered a citizen of the state in which its principal place of business is located, which is Illinois. ***See* 28 U.S.C. § 1332(c)(1)**.

United from Plaintiff's claims against Kienstra and RCS, this Court must first determine whether there is improper joinder.

### B.    Improper Joinder

United argues that defendants Kienstra and RCS have been misjoined by Plaintiff in its underlying Complaint as an attempt to defeat diversity jurisdiction. (Doc. 25, pp. 4-6.) Proper joinder of parties is governed by the requirements set forth in **FEDERAL RULE OF CIVIL PROCEDURE 20(a)** for permissive joinder. *See Intercon Research Assoc., Ltd. v. Dresser Industries, Inc.*, 696 F.2d 53, 54 (7th Cir. 1982); *Meyercheck v. Givens*, 180 F.2d 221, 223 (7th Cir. 1950); *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 516 (N.D. Ill. 2000). Rule 20(a) provides two specific requirements for joinder of the parties: (1) the plaintiffs "assert any right to relief jointly, severally,[4] or in the alternative[5] in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "if any question of law or fact common to all these persons will arise in the action." **FED. R. CIV. P. 20(a)**. Misjoinder occurs when plaintiffs fail to satisfy either requirement. The district court has wide discretion to decide whether joinder in any

---

[4]Joint and Several Liability is defined by Black's Law Dictionary as "Liability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion. Thus, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties." **BLACK'S LAW DICTIONARY 933 (8th ed. 2004).**

[5]Alternative Liability is defined by Black's Law Dictionary as "Liability arising from the tortious acts of two or more parties -- when the plaintiff proves that one of the defendants has caused harm but cannot prove which one caused it -- resulting in a shifting of the burden of proof to each defendant." **BLACK'S LAW DICTIONARY 933 (8th ed. 2004).**

given situation is proper.  ***See Rice,*** **209 F.3d at 1016**.

In its Motion to Sever, United argues that Plaintiffs cannot satisfy either requirement of **Rule 20(a)**.[6]  (Doc. 25.)  First, United argues that Plaintiff has not asserted that United is jointly, severally or alternatively liable for Plaintiff's claims against either Kienstra or RCS.  (*Id*. at 4.)  United further notes that Plaintiff has alleged claims of negligence, product liability and breach of construction contract against Kienstra and RCS, collectively, in regards to the construction of the DAF unit.  However, United argues that Plaintiff's claims against United only regard the Policy.  (*Id*.)  As such, United secondly proffers that Plaintiff's claims against Kienstra and RCS are separate and distinct causes of action involving questions of law and fact differing from Plaintiff's claims against United.  (*Id*. at 5.)

In response, Plaintiff argues that it is the issue of defective construction which connects Plaintiff's claims against Kienstra and RCS with its claims against United.  (Doc. 31, p. 2.)  Plaintiff asserts that United's reason for denying coverage under the Policy was based upon the premise that either GRP or RCS performed defective construction.  (*Id*. at 3.)  Therefore, Plaintiff further argues it is this theory of defective construction that is integral to its claims against Kienstra and RCS and also in its claims against United – in order to establish whether there was valid

---

[6]Both United and Plaintiff have also extensively briefed the theory of joinder in their respective Removal and Remand pleadings.  (Docs. 1, 2, 3, 22, and 32.)  This Court has taken all such arguments under advisement in considering United's Motion to Sever.

reason for United's denial of coverage.[7] (*Id.*) Lastly, Plaintiff explains its reason for joining all defendants in the underlying suit was because it did not wish to bear the risk of inconsistent factual findings and no remedy for its losses, due to the multiple lawsuits it would be involved with if severance was granted. (*Id.*)

Bearing in mind the purpose of permissive joinder under **RULE 20(a)** is judicial economy, ***see Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000)**, the Court does not believe that joinder of United with Kienstra and RCS as defendants in Plaintiff's underlying Complaint is proper. Clearly, Plaintiff fails to meet the first prong of the **Rule 20(a)** test. Plaintiff in no way can properly plead joint, several or alternative liability in its claims against United among its claims against Kienstra or RCS. Plaintiff's claims against United all involve the Policy, to which only Plaintiff and United are parties. Therefore, neither Kienstra nor RCS face any legal possibility of being held jointly, severally or alternatively liable if Plaintiff prevails on any of its claims against United. For instance, if Plaintiff prevails in proving that United improperly denied coverage to Plaintiff in the claim at issue in this case, United could not seek contribution or indemnity from either Kienstra or RCS. Conversely, if United is not held liable for wrongful denial of coverage, Kienstra or RCS could also not be found to be liable in the alternative.

In the same vein, because Plaintiff has asserted separate and distinct

---

[7]In its denial letter, United states that there was no "occurrence" under the Policy in which to trigger coverage. "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Doc. 2, Ex. B, p. 2.) United's denial letter explained that it believed Plaintiff's claimed loss was not an accident, but that the defect in the DAF unit was caused by "faulty workmanship." (*Id.* at 3.)

claims against Kienstra and RCS from the claims it asserts against United, there is no possibility of finding United jointly, severally or alternatively liable if Plaintiff prevails on any of its claims against Kienstra or RCS. To illustrate, Plaintiff's claim for negligence against RCS involves the subcontractor concrete work performed by RCS in constructing the DAF unit. It is undisputed that United did not participate in the work performed by RCS, nor did United have any duty to oversee the work performed by RCS. Therefore, if RCS was to be found negligent, United would not face the possibility of being contributorily negligent, or have the contractual or implied duty to indemnify RCS. United would also not be found negligent in the alternative if RCS was not liable.[8] It is also undisputed that United is not involved with supplying concrete, nor did it supply concrete to either Kienstra or RCS for use on the DAF unit. Additionally, United is not a party to the contract between Plaintiff and RCS for the subcontractor work on the concrete vessel of the DAF unit.

Accordingly, Plaintiff's claims against Kienstra and RCS could not render a finding for which United would be jointly, severally or alternatively liable. Plaintiff's right to relief against United would arise under the Policy. Conversely, Plaintiff's right to relief against RCS would arise from either its contract with RCS (to which United was not a party), or the circumstances surrounding the construction of the DAF unit. Likewise, Plaintiff's right to relief against Kienstra

---

[8] For example, a joint and several or alternative theory of liability may be appropriately plead if Plaintiff had hired two subcontractors to work on the concrete construction of the DAF unit and was unsure which subcontractor, if any, performed negligent work. In other words, Plaintiff could then effectively plead that if the concrete work was found to be defective, it was either both of the subcontractors, or one if not the other.

would arise from the act of supplying of concrete to RCS and the quality of the concrete supplied. As such, the occurrences and transactions surrounding Plaintiff's claims against United are different from the occurrences and transactions surrounding Plaintiff's claims against Kienstra and RCS.

Plaintiff also fails to meet the second prong of the **Rule 20(a)** requirement – that is, that the claims asserted against United, Kienstra and RCS arise from a common question of law or fact. As it has already been established under the discussion of the first prong of the **Rule 20(a)** requirement that Plaintiff's claims against United do not arise from the same occurrence or transaction as the claims against Kienstra and RCS, this Court can also state that there is no common questions of fact between the claims. There also exists no common questions of law amongst Plaintiff's claims. Plaintiff's claims against United involve interpretation of insurance law to determine Plaintiff's rights under the Policy, whereas Plaintiff's claims against Kienstra and RCS involve general contract and tort law.

Because Plaintiff has failed to meet the requirements of **Rule 20(a)** for joinder, this Court finds that defendants Kienstra and RCS were improperly joined as defendants with United.

### C. Severing Parties Pursuant to Rule 21

Finding that joinder was inappropriate under **Rule 20(a)**, the Court must determine the proper remedy. Under **Rule 21**, a court may not dismiss an action due to misjoinder, but "[p]arties may be dropped or added by order of the

court on motion of any party or of its own initiative at any stage of the action and on such terms as are just . . . [and][a]ny claim against a party may be severed and proceeded with separately." **FED. R. CIV. P. 21.** *See also Rice v. Sunrise Express, Inc.,* **209 F.3d 1008, 1016 (7th Cir. 2000)(stating that "[i]t is within the district court's broad discretion whether to sever a claim under Rule 21.");** *Aiello v. Kingston,* **947 F.2d 834, 835 (7th Cir. 1991)(stating that "Federal Rule of Civil Procedure 21 allows a court to sever claims that are logically distinct . . . .").** One purpose of allowing a court to sever claims is to increase judicial economy. ***Otis Clapp & Son, Inc. v. Filmore Vitamin Co.***, **754 F.2d 738, 743 (7th Cir. 1985).**

"As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." ***Rice***, **209 F.3d at 1016.** In fashioning a remedy for misjoinder, however, "the judge is required to avoid gratuitous harm to the parties, including the misjoined party. Rule 21 not only requires that orders adding or dropping parties be made 'on such terms as are just,' but also expressly allows the judge to sever the misjoined party's claim rather than dismiss it." ***Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000) (citation omitted).**

Through the previous legal analysis, it seems clear that defendants Kienstra and RCS were not properly joined with defendant Union. Nevertheless, the Court can not affirmatively state whether Plaintiff fashioned its claims against all three defendants into one Complaint for the purposes of attempting to defeat diversity jurisdiction against United. Using its discretion, the Court feels that judicial

-11-

economy and justice in this case will be best served by severing the claims so that Plaintiff's claims against defendants Kienstra and RCS shall exist separately from its claims against United.

## IV. CONCLUSION

In this case, the Court finds that severing the Plaintiff's claims against United from its claims against Kienstra and RCS is proper and appropriate. As Plaintiff's claims against United are discrete and separate from Plaintiff's claims against Kienstra and RCS, severing these respective claims will simply the issues, legal arguments and evidence required to be presented to the finder of fact. Granting United's Motino to Sever will not unduly prejudice the parties, as Plaintiff can still bring forth its claims against Kienstra and RCS in state court.

The Court therefore **GRANTS** defendant United's Motion to Sever and hereby severs Plaintiff's claims against United from Plaintiff's claims against both defendants Kienstra and RCS.

**IT IS SO ORDERED.**

Signed this 26th day of August, 2005.

/s/   David RHerndon
**United States District Judge**