IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

G.R.P MECHANICAL COMPANY, INC.,

**Plaintiff,**

vs.                                                                 Case No. 05-CV-00389-DRH

KIENSTRA CONCRETE, INC.,
RCS CONSTRUCTION, INC., and
UNITED FIRE & CASUALTY COMPANY,

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Plaintiff G.R.P. Mechanical Company, Inc. has filed its Motion to Remand (Doc. 4) in this matter, based upon the theory that removal to this Court was improper for lack of jurisdiction. (*Id*. at ¶ 2.) Defendant United Fire & Casualty Company ("United") initially removed the matter to this Court with the subsequent consent of defendants Kienstra Concrete, Inc. ("Kienstra") and RCS Construction, Inc. ("RCS"). (Docs. 1, 14, 29.) United argued that this Court had diversity jurisdiction over Plaintiff's claims against it, and that Plaintiff fraudulently misjoined defendants Kienstra and RCS as a means of destroying diversity jurisdiction. (*See* Doc. 1, ¶¶ 14-33.) In conjunction with its Opposition to Plaintiff's Motion to Remand, United filed a Motion to Sever Causes of Action Pursuant to Rule 21. (Docs. 22, 24.)

1

Accordingly, Plaintiff opposed United's Motion to Sever. (Doc. 31.)

The Court granted United's Motion to Sever, based upon a finding that Plaintiff had improperly joined United with Kienstra and RCS, and thereby severed Plaintiff's causes of action against United from its causes of action against Kienstra and RCS. Because the Court finds that it lacks jurisdiction over Plaintiff's causes of action against defendants Kienstra and RCS, it hereby **GRANTS IN PART** Plaintiff's Motion to Remand as to Plaintiff's causes of action against defendants Kienstra and RCS. Conversely, the Court also finds that it retains diversity jurisdiction pursuant to **28 U.S.C. § 1332** over Plaintiff's causes of action against United, and accordingly **DENIES IN PART** Plaintiff's Motion to Remand with respect to Plaintiff's causes of action against United.

## II. FACTUAL BACKGROUND

As a substantive recounting of the facts in this case has previously been given in the Court's Order granting United's Motion to Sever, only a brief summary of the relevant facts will be given here. Plaintiff, acting in capacity as a general contractor to construct a Dissolved Air Flotation unit ("DAF") for Premcor Refinery Group, Inc., contracted with RCS to pour the concrete vessel of the DAF unit. (Doc. 2, ¶¶ 2, 13.) Kienstra was used to supply concrete. (Doc. 11, ¶¶ 3, 16.) There was a problem with the DAF unit, as during testing it was found to leak and had to be reconstructed. (Doc. 25, p. 2.)

United, an insurance company, had issued a commercial general liability

insurance policy (the "Policy") to Plaintiff. (Doc. 10, ¶ 5.) Plaintiff submitted its claim to United in regards to the problems during the DAF construction, stating that Plaintiff suffered substantial damages, including withheld payments from Premcor due to faulty work, damage to Plaintiff's property and damage to the DAF unit as a whole. (Doc. 2, ¶ 23.) United denied Plaintiff's claim. (Doc. 11, ¶ 25 and Doc. 2, Ex. B.)

Plaintiff's underlying Complaint filed in this matter alleges several causes of action against United, Kienstra and RCS. (Doc. 2.) Basically, Plaintiff has filed suit against United for matters regarding the denial of its claim under the Policy. (*Id*. at ¶¶ 59-79.) Plaintiff's causes of action against Kienstra and RCS involve negligence, products liability and breach of contract. (*Id*. at ¶¶ 41-58.)

### III. ANALYSIS

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110**

3

**F.3d 424, 427 (7th Cir. 1997)*(citations omitted)*.** However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332,** requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Here, despite the apparent lack of diversity jurisdiction (Plaintiff, Kienstra and RCS are all considered Illinois citizens[1]),United argues that defendants Kienstra and RCS were fraudulently misjoined by Plaintiff in order to destroy diversity jurisdiction.

As this Court has previously granted United's Motion to Sever based on the fact that Plaintiff's causes of action against Kienstra and RCS were improperly joined with its causes of action against United, diversity jurisdiction therefore exists between Plaintiff and United. Plaintiff and United are diverse parties, Plaintiff being a Delaware corporation with its principal place of business in Bethalto, Illinois, and United being an Iowa corporation with its principal place of business in Cedar

---

[1] For purposes of diversity jurisdiction, a corporation is deemed a citizen of a State in which it is incorporated and of the State where it has its principal place of business. **See 28 U.S.C. § 1332(c)(1);** *see also **CCC Info. Services, Inc. v. American Salvage Pool Assoc.*, 230 F.3d 342, 346 (7th Cir. 2000)**. Plaintiff is a Delaware corporation with its principal place of business in Illinois. Both Kienstra and RCS are Illinois corporations. (Doc. 2, ¶ 2, Doc. 11, ¶ 3 and Doc. 19, ¶ 4.)

4

Rapids, Iowa. (Doc. 2, ¶ 2, and Doc. 10, ¶ 11.) Moreover, the parties do not dispute that the amount in controversy exceeds $75,000. *See* **28 U.S.C. § 1332**. Therefore, the Court finds it has proper jurisdiction pursuant to **28 U.S.C. § 1332** over Plaintiff's claims against United.

Quite clearly, the Court retains no jurisdiction over Plaintiff's claims against Kienstra and RCS. Diversity jurisdiction requirements are not met, and neither does there appear to be federal question jurisdiction under **28 U.S.C. § 1331.** In accordance with **28 U.S.C. 1447(c)**, the Court must remand Plaintiff's claims against Kienstra and RCS.

### IV. CONCLUSION

In previously granting defendant United's Motion to Sever Causes of Action Pursuant to Rule 21, the Court finds that it has proper diversity jurisdiction over Plaintiff's causes of action against United, but that it does not retain jurisdiction over Plaintiff's causes of action against both Kienstra and RCS.

As such, Plaintiff's Motion to Remand is hereby **GRANTED IN PART** and **DENIED IN PART.** The Court thereby **REMANDS** Plaintiff's suit against both defendants Kienstra and RCS back to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

Signed this 26th day of August, 2005.

/s/ David RHerndon
**United States District Judge**