## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**G.R.P MECHANICAL COMPANY, INC.,**

     **Plaintiff,**

**v.**

**KIENSTRA CONCRETE, INC.,**
**RCS CONSTRUCTION, INC., and**
**UNITED FIRE & CASUALTY COMPANY,**

     **Defendants.**                       **Case No. 05-CV-389-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

On January 11, 2006, the Court entered an Order (Doc. 49) granting plaintiff G.R.P. Mechanical Company, Inc.'s Motion for Reconsideration (Doc. 41), brought pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**.  Plaintiff's requested the Court reconsider its August 26, 2005 order (Doc. 36), which granted defendant United Fire & Casualty Company's ("United") Motion to Sever (Doc. 24) claims made by Plaintiff against United from the claims made by Plaintiff against defendants Kienstra Concrete, Inc. ("Kienstra") and RCS Construction, Inc. ("RCS").  Also requested was a reconsideration of the Court's subsequent order, also issued on August 26, 2005 (Doc. 37), which granted in part and denied in part Plaintiff's

Motion to Remand (Doc. 4) and after the severance, remanded Plaintiff's claims against Kienstra and RCS back to state court, for lack of jurisdiction, but retained Plaintiff's claims against United, finding diversity jurisdiction existed.

To summarize, the Court determined that based upon a misapplication of the Rule 20(a) joinder procedural requirements[1] and also because it best served the interests of judicial economy, a reconsideration pursuant to Rule 59(e) was warranted.  Accordingly, the Court granted Plaintiff's Motion for Reconsideration and reversed its prior August 26, 2005 order granting United's Motion to Sever.  As Plaintiff's claims against defendants United, Kienstra and RCS were no longer severed, the Court additionally affirmed in part and reversed in part its subsequent August 26, 2005 order regarding Plaintiff's Motion to Remand.  As such, the Court ordered the entirety of Plaintiff's claims against all three defendants be remanded to state court, based on a lack of subject matter jurisdiction.  (Doc. 49.)

The next day, United filed a Motion for Reconsideration of the Court's Order granting Plaintiff's Motion for Reconsideration.  (Doc. 50.)  GRP filed a timely opposition in response to United's motion (Doc. 51) to which United filed a reply (Doc. 52).  United's Motion for Reconsideration is now before the Court.

---

[1] The keynote issue was whether Plaintiff had fraudulently joined its claims against Kienstra and RCS with its claims against United, in an effort to destroy federal diversity.  Such analysis involves application of the joinder of defendants requirements found in **FEDERAL RULE OF CIVIL PROCEDURE 20(a)**.  (*See* Doc. 49 for a more detailed account of the Court's analysis.)

**Rule 20(a)** governs the standard for proper joinder of parties and provides that "all persons . . . may join in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." **FED. R. CIV. P. 20(a)**.

## II. <u>ANALYSIS</u>

### A.   LEGAL STANDARD UNDER RULE 59(e)

As stated previously in the Court's recent January 11, 2006 order considering Plaintiff's Rule 59(e) motion, a **Rule 59(e)** motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)(citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986))**.  It is at a district court's discretion as to whether reconsideration is warranted under Rule 59(e).  **See *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000)**.  Primarily, by filing the instant motion, United is asserting that the Court's ruling was more appealing the first time around in that the severance of Plaintiff's claims was proper and in accordance with the law.

### B.   APPLICATION OF A RULE 59(e) MOTION TO RECONSIDER

#### 1.   The Parties' Arguments

United's instant motion asserts that Plaintiff's claims against United arise from a separate transaction or occurrence than Plaintiff's claims against Kienstra and RCS and that ultimately deciding not to sever these claims amounts to a "manifest error of law and fact," sufficient to warrant reconsideration under Rule 59(e).  (Doc. 50, ¶ 4.)  To substantiate this argument, United expounds on theories of insurance policy interpretation – specifically, that determination of coverage under Plaintiff's commercial general liability insurance policy (the "Policy") does not

necessitate consideration of the negligence and/or product liability of Kienstra and/or RCS.  (*Id*. at ¶ 5.)  United urges the Court to accept at face value its assertion that "there is no coverage under the [P]olicy because (among other reasons) [Plaintiff's] loss is not an 'occurrence' and is not 'property damage' . . . regardless of any negligence on the part of RCS or Kienstra."  (*Id*. at ¶ 6.)  Moreover, according to United, the fact that Kienstra and RCS were subcontractors to Plaintiff in regards to the incident which lead Plaintiff to make a claim on the Policy is "not relevant to the coverage issues before the Court . . . ."  (*Id*.)

United continues, expressing its belief that the Court gave "considerable merit to the argument that United Fire could be alternatively liable to RCS and/or Kienstra, depending on whether the fact-finder determines that faulty construction occurred," and such is a legal impossibility, as "neither RCS nor Kienstra are named insureds or additional insureds under the [P]olicy . . . ."  (*Id*. at ¶ 7.)  Adding to the list, United asserts as clarification to the Court that the issue in its declaratory judgment suit[2] is not subcontractor liability; rather the issue is whether there was "property damage" or an "occurrence" under the Policy.  (*Id*. at ¶ 8.)  Further, United laments that it will be prejudiced if required to participate in state court litigation regarding Plaintiff's negligence and products liability claims against Kienstra and RCS, as it ultimately has no interests at stake in this regard.  (*Id*. at ¶ 9.)

---

[2]  United filed this declaratory judgment action in federal court on March 10, 2005, prior to when Plaintiff filed the instant lawsuit.  *See **United v. GRP**, No. 05-175-MJR (S.D. Ill.)***(Reagan, J.)***.

Plaintiff responds in opposition with a brief argument that generously incorporates "all arguments of fact and law previously asserted in prior pleadings to the Court, including, but not limited to, the arguments contained in [Plaintiff's] Motion to Remand and Memorandum in Support filed June 14, 2005, [Plaintiff's] Reply Memorandum in Support of Plaintiff's Motion to Remand filed July 28, 2005, [Plaintiff's] Response Memorandum to Defendant's Motion to Sever filed July 28, 2005, and [Plaintiff's] Motion to Reconsider and Memorandum in Support filed August 31, 2005." (Doc. 51, p. 1.)  Plaintiff also, as perhaps an afterthought as it was not previously addressed in its Rule 59(e) Motion for Reconsideration, prays for, among other things, its attorneys' fees incurred in moving for the remand. (*Id*.)  As these arguments have now been reviewed and addressed ad nauseam by the Court, the Court will refrain from reiterating them all.

In its Reply, United apparently also wants a part of the "incorporation by reference" action and thereby requests the Court to "consider the arguments it put forth in its Response Memorandum to Plaintiff's Motion to Remand regarding nominal parties, fraudulent joinder, and procedural misjoinder." (Doc. 52, ¶ 3.)  United opines that these specific arguments were not considered by the Court, nor were they explicitly addressed in any of the Court's previous orders. (*Id*.)  Lastly, United requests the Court deny Plaintiff any of its requested attorneys' fees. (*Id*. at ¶¶ 4-5.)

2.   **Determining Whether there was a "Manifest Error of Law or Fact"
Made in the Court's January 11, 2006 Order Granting Plaintiff's
Motion for Reconsideration**

Only if the Court, upon its own discretion, finds that there was a
"manifest error of law or fact" in its previous order or that the moving party has
brought forth "newly discovered evidence," will there be possible cause for
reconsideration under Rule 59(e). *See LB Credit Corp.*, **49 F.3d at 1267;** *see also*
*Pickett*, **207 F.3d at 407**.  That being stated, a party making such a motion cannot
merely present a laundry list of other extraneous arguments devoid of supporting a
"manifest error" or "newly discovered evidence" theory. *See Bordelon v. Chicago*
*School Reform Bd. of Trustees*, **233 F.3d 524, 529 (7th Cir. 2000)("The**
**function of a motion to reconsider a judgment is not to serve as a vehicle to re-**
**litigate old matters or present the case under a new legal theory.")(citing** *Moro*
*v. Shell Oil Co.*, **91 F.3d 872, 876 (7th Cir. 1996))**.  Notably then, the arguments
offered by United in its Rule 59(e) pleadings which do not support the core argument
of a "manifest error" – such as those enumerated in paragraphs seven and nine of its
Motion for Reconsideration - will not be part of the Court's analysis as these
arguments are not properly received under the Rule 59(e) standard.  The Court also
does not find any presentment of "newly discovered evidence" in United's instant
motion, and will therefore not need to address this potential ground for
reconsideration any further in its analysis.

The heart of United's instant motion appears to be that the Court

committed "manifest error" by determining in its January 11, 2006 order that all three defendants were properly joined in one action under the procedural requirements of Rule 20(a), thereby finding severance of Plaintiff's claims improper. (*See* Doc. 49.)  United does not specifically make reference to the fact that the Court found defendants' liability could be deemed as "several."  In fact, the sole relevant argument the Court finds in United's instant pleadings is that Plaintiff's claims against United do not arise from the same transaction or occurrence as Plaintiff's claims against Kienstra and RCS.  If true, this would lead the Court to find the Rule 20(a) procedural requirements had not been met, and that severance was likely proper.

Recalling the analysis in the Court's January 11, 2006 order, the Court found that because the liability of the three defendants in this case could be deemed "several" under Rule 20(a), it was then necessary to revisit whether the liability arose from the same transaction or occurrence or same series of transactions or occurrences.  (Doc. 49, p. 8.)  In light of several parallel decisions, the Court determined that this second Rule 20(a) requirement was also met.  In particular, Plaintiff alleges that there is a subcontractor exception within the Policy that may warrant coverage under the Policy, which United has so far denied.  (*See, e.g.*, Doc. 2, ¶ 36.)  Plaintiff also asserts that the subcontractor exception is triggered due to subcontractor negligence. If such allegation is true, the Court can see no valuable reason why determining coverage, including whether the subcontractor exception is applicable, would not relate to the transaction or occurrence involving Plaintiff's

claims against subcontractors Kienstra and RCS for (among others) negligence.

In attempt to dissuade the Court from this viewpoint, United plainly asserts that the subcontractor exception cannot apply in this instance to warrant coverage on Plaintiff's claim made on its Policy.  (*See* Doc. 50, ¶¶ 5-6.)  While United's proposed finding regarding the interpretation of the Policy is certainly appreciated, the issue of whether the subcontractor exception in the Policy applies in this matter is best left to the trier of fact for determination.  At this point, whether joinder of defendants was indeed proper under Rule 20(a) must be analyzed in light of Plaintiff's allegations in its pleadings.  ***See, e.g., Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974)("In determining the propriety of joinder, then, a trial court must analyze the complaint to determine what has been alleged and what claims are made.   Then the Court must decide whether or not both requirements of Rule 20 have been met . . . .")**.

Plaintiff has alleged that this subcontractor exception found within the Policy should give rise to coverage if it proves negligence on the part of either Kienstra or RCS regarding the events in question.  (*See, e.g.,* Doc. 2, ¶ 36.) Therefore, the Court must consider Plaintiff's allegations, which warrant the Court's view that Plaintiff's claims against all three defendants arise from the same transaction or occurrence or same series of transactions or occurrences, required by Rule 20(a).  ***See Intercon Research Associates, Ltd. v. Dresser Industries, Inc.* 696 F.2d 53, 56 (7th Cir. 1982)("It is well settled that the district court has**

wide discretion in deciding whether to dismiss a party as a defendant in a civil action.")(citation omitted).

Because the Court finds that United has not shown that there exists a "manifest error of law or fact" in the Court's January 11, 2006 order granting Plaintiff's Motion for Reconsideration, nor has United presented newly discovered evidence, it has not met the burden of proof under Rule 59(e) to warrant the reconsideration it seeks.  Any other possible arguments raised by the parties of which the Court has failed to specifically pontificate are hereby deemed as **MOOT**. Accordingly, United's Motion for Reconsideration is **DENIED**.

### III.  <u>CONCLUSION</u>

United's Motion for Reconsideration made pursuant to Rule 59(e) is hereby **DENIED**.  As such, the Court's January 11, 2006 order (Doc. 49) stands as is: Plaintiff's claims against defendants United, Kienstra and RCS remain in one single lawsuit, which has been remanded back to the Circuit Court of Madison County, Illinois.  Further, the Court also **DENIES** Plaintiff's request for attorneys' fees incurred in moving for remand, as the Court finds in its discretion that the question of removal was a close issue and was not one for which fees should be awarded.

**IT IS SO ORDERED.**

Signed this 26th day of January, 2006.

/s/            David RHerndon
**United States District Judge**